APPEAL,CLOSED,TYPE–C

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:22–cv–01716–TSC
*Internal Use Only*

CENTER FOR BIOLOGICAL DIVERSITY et al v. U.S. DEPARTMENT OF THE INTERIOR et al

Assigned to: Judge Tanya S. Chutkan

 Case:  1:22–cv–02696–TSC

Cause: 42:4321 Review of Agency Action–Environment

Date Filed: 06/15/2022
Date Terminated: 11/01/2023
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY** | represented by | **Allyson Beasley** |

WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur
Unit 602
Taos, NM 87571
575–224–6260
Email: beasley@westernlaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason C. Rylander**
CENTER FOR BIOLOGICAL DIVERSITY
Climate Law Institute
1411 K St. NW, Suite 1300
Washington, DC 20005
202–744–2244
Email: jrylander@biologicaldiversity.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle James Tisdel**
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur
No. 602
Taos, NM 87571
575–613–8050
Email: tisdel@westernlaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan O'Grady**
WESTERN ENVIRONMENTAL LAW CENTER
409 East Palace Avenue

Unit 2
Santa Fe, NM 87501
703–973–2585
Email: ogrady@westernlaw.org
*ATTORNEY TO BE NOTICED*

**Tannis Fox**
WESTERN ENVIRONMENTAL LAW
CENTER
409 E. Palace Avenue
Suite 2
Santa Fe, NM 87501
505–629–0732
Email: fox@westernlaw.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILDEARTH GUARDIANS**                 represented by   **Allyson Beasley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle James Tisdel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samantha Ruscavage–Barz**
WILDEARTH GUARDIANS
301 N. Guadalupe St.
Suite 201
Santa Fe, NM 87501
(505) 401–4180
Fax: (505) 213–1895
Email: sruscavagebarz@wildearthguardians.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan O'Grady**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tannis Fox**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CITIZENS CARING FOR THE**             represented by   **Kyle James Tisdel**
**FUTURE**                                              (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tannis Fox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan O'Grady**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **NEW MEXICO INTERFAITH POWER AND LIGHT** | represented by | **Kyle James Tisdel**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Tannis Fox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan O'Grady**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **U.S. DEPARTMENT OF THE INTERIOR** | represented by | **Michael Keith Robertson**<br>DOJ–ENRD<br>150 M Street, NE<br>Washington, DC 20002<br>202–305–9609<br>Email: michael.robertson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Clifford Eugene Stevens , Jr.**
U.S DEPARTMENT OF JUSTICE
Environmental and Natural Resources
601 D. Street, NW
Washington, DC 20001
(202) 353–7548
Fax: (202) 305–0275
Email: clifford.stevens@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **DEB HAALAND**<br>*in her official capacity as Secretary of* | represented by | **Michael Keith Robertson**<br>(See above for address) |

3

| the U.S. Department of the Interior | | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | |
| | | **Clifford Eugene Stevens , Jr.**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **U.S. BUREAU OF LAND<br>MANAGEMENT** | represented by | **Michael Keith Robertson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | |
| | | **Clifford Eugene Stevens , Jr.**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **TRACY STONE–MANNING**<br>*in her official capacity as Director of the*<br>*Bureau of Land Management* | represented by | **Michael Keith Robertson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | |
| | | **Clifford Eugene Stevens , Jr.**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Intervenor Defendant**

| **CHEVRON U.S.A. INC.** | represented by | **Catherine Emily Stetson**<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>(202) 637–5491<br>Fax: (202) 637–5910<br>Email: cate.stetson@hoganlovells.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | |
| | | **Dana A. Raphael**<br>HOGAN LOVELLS US LLP<br>555 13th Street NW<br>Washington, DC 20004<br>202–531–0427<br>Email: dana.raphael@hoganlovells.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | |
| | | **Hadassah Marie Reimer** |

HOLLAND & HART LLP
P.O. Box 68
645 South Cache Street
Suite 100
Jackson, WY 83001
(307) 739–9741
Fax: (307) 739–9744
Email: hmreimer@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nikesh Jindal**
KING & SPALDING
1700 Pennsylvania Avenue
Washington, DC 20006
202–383–8933
Email: njindal@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Marotta**
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637–4881
Fax: (202) 637–5910
Email: sean.marotta@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**OXY USA INC.**                    represented by  **Daniel S. Volchok**
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663–6103
Fax: (202) 663–6363
Email: daniel.volchok@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John F. Walsh , III**
WILMER CUTLER PICKERING HALE
& DORR LLP
1225 17th Street
Suite 2600
Denver, CO 80202
(720) 274–3154
Email: john.walsh@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**OXY USA WTP LP**                          represented by  **Daniel S. Volchok**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John F. Walsh , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**ANADARKO E&P ONSHORE LLC**          represented by  **Daniel S. Volchok**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John F. Walsh , III**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**PETROLEUM ASSOCIATION OF**          represented by  **Affie Ellis**
**WYOMING**                                                BROWNSTEIN HYATT FARBER
                                                           SCHRECK, LLP
                                                           1807 Capitol Avenue
                                                           Suite 203
                                                           Cheyenne, WY 82001
                                                           307–263–1328
                                                           Email: aellis@bhfs.com
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Eric P. Waeckerlin**
                                                           BROWNSTEIN HYATT FARBER
                                                           SCHRECK, LLP
                                                           675 Fifteenth Street, Suite 2900
                                                           Denver, CO 80202
                                                           303–223–1100
                                                           Fax: 303–223–1111
                                                           Email: ewaeckerlin@bhfs.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Movant**

**CHEVRON U.S.A. INC.**                    represented by  **Ani Marta Esenyan**
                                                           U.S. DEPARTMENT OF ENERGY
                                                           1000 Independence Avenue, SW

Washington, DC 20024
202–586–5000
Email: aesenyan@gmail.com
*TERMINATED: 10/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles John Engel , III**
KING & SPALDING
1700 Pennsylvania Ave NW
Suite 200
Washington, DC 20006
202–661–7800
Fax: 202–626–3737
Email: tengel@kslaw.com
*TERMINATED: 10/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nikesh Jindal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah C. Bordelon**
HOLLAND & HART LLP
5441 Kietzke Lane
Reno, NV 89511
775–327–3011
Email: SCBordelon@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Marotta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**AMERICAN PETROLEUM INSTITUTE**          represented by   **Steven J. Rosenbaum**
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001–4956
202–662–5568
Email: srosenbaum@cov.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Bradley K. Ervin**
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
(202) 662–5860
Fax: (202) 778–5860
Email: bervin@cov.com
*ATTORNEY TO BE NOTICED*

**Movant**

**STATE OF WYOMING**                    represented by  **Travis S. Jordan**
WYOMING ATTORNEY GENERAL'S
OFFICE
Water & Natural Resources Division
2320 Capitol Ave
Cheyenne, WY 82002
307–777–3539
Fax: 307–777–3542
Email: travis.jordan@wyo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**PEAK POWDER RIVER
RESOURCES, LLC**                    represented by  **Andrew C. Emrich**
HOLLAND & HART LLP
555 17th Street
Suite 3200
Denver, CO 80202
303–295–8000
Email: acemrich@hollandhart.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas L. Sansonetti**
HOLLAND & HART LLP
2020 Carey Avenue
Suite 800
Cheyenne, WY 82001
303–290–1061
Email: tlsansonetti@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryson C. Smith**
HOLLAND & HART LLP
25 South Willow Street
Suite 200

P.O. Box 68
Jackson, WY 83001
(307) 734–4507
Email: bcsmith@hollandhart.com
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **NEW MEXICO OIL AND GAS ASSOCIATION** | represented by | **Bret A. Sumner**<br>BEATTY & WOZNIAK, P.C.<br>1675 Broadway<br>Suite 600<br>Denver, CO 80202–4692<br>303–407–4499<br>Fax: 800–886–6566<br>Email: bsumner@bwenergylaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **James B. Martin**<br>BEATTY & WOZNIAK, P.C.<br>Beatty Wozniak PC<br>216 16th Street, Suite 1100<br>Denver, CO 80504<br>(303) 407–4471<br>Email: jmartin@bwenergylaw.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Malinda Morain**<br>BEATTY & WOZNIAK, P.C.<br>1675 Broadway<br>Suite 600<br>Denver, CO 80202<br>(303) 407–4477<br>Fax: (800) 886–6566<br>Email: mmorain@bwenergylaw.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **ANSCHUTZ EXPLORATION CORPORATION** | represented by | **Andrew C. Lillie**<br>HOLLAND & HART LLP<br>555 17th Street<br>Suite 3200<br>Denver, CO 80202<br>303–295–8121<br>Email: aclillie@hollandhart.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Mark D. Gibson** |

HOLLAND & HART LLP
1800 Broadway
Suite 300
Boulder, CO 80302
303–295–5111
Email: mdgibson@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Alder Black Livingston**
2320 NW 66th Court
Gainesville, FL 32653
352–377–1140
Email: jessica.livingston@exac.com
*TERMINATED: 01/12/2023*
*ATTORNEY TO BE NOTICED*

**Movant**

**FRANKLIN MOUNTAIN ENERGY,
LLC**

represented by   **John K. Crisham**
CRISHAM & HOLMAN LLC
2549 West Main Street
Suite 202
Littleton, CO 80210
720–739–2175
Email: john@crishamholman.com
*TERMINATED: 01/18/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen C. Schroder**
DAVIS GRAHAM & STUBBS LLP
1550 17th Street
Suite 500
Denver, CO 80202
303–892–9400
Fax: 303–893–1379
Email: katie.schroder@dgslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark E. Champoux**
DAVIS GRAHAM & STUBBS LLP
1550 17th Street
Suite 500
Denver, CO 80202
303–892–7493
Fax: 303–893–1379
Email: mark.champoux@dgslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2022 | 1 | COMPLAINT against BUREAU OF LAND MANAGEMENT, DEBRA HAALAND, TRACY STONE−MANNING, U.S. DEPARTMENT OF THE INTERIOR ( Filing fee $ 402 receipt number ADCDC−9308315) filed by CENTER FOR BIOLOGICAL DIVERSITY, WILDEARTH GUARDIANS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons U.S. Department of the Interior, # 3 Summons Debra Haaland, # 4 Summons Bureau of Land Management, # 5 Summons Tracy Stone−Manning, # 6 Summons U.S. Attorney Dist. D.C., # 7 Summons U.S. Attorney General)(Tisdel, Kyle) (Entered: 06/15/2022) |
| 06/15/2022 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *Center for Biological Diversity* by CENTER FOR BIOLOGICAL DIVERSITY, WILDEARTH GUARDIANS (Tisdel, Kyle) (Entered: 06/15/2022) |
| 06/15/2022 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *WildEarth Guardians* by CENTER FOR BIOLOGICAL DIVERSITY, WILDEARTH GUARDIANS (Tisdel, Kyle) (Entered: 06/15/2022) |
| 06/15/2022 | | Case Assigned to Judge Tanya S. Chutkan. (zsb) (Entered: 06/15/2022) |
| 06/15/2022 | 4 | SUMMONS (6) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsb) (Entered: 06/15/2022) |
| 07/01/2022 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/21/2022. Answer due for ALL FEDERAL DEFENDANTS by 8/20/2022. (Attachments: # 1 Affidavit of Mailing, # 2 Certified Mail Receipts)(Tisdel, Kyle) (Entered: 07/01/2022) |
| 07/01/2022 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 06/21/2022. (Attachments: # 1 Affidavit of Mailing, # 2 Certified Mail Receipts)(Tisdel, Kyle) (Entered: 07/01/2022) |
| 07/01/2022 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEBRA HAALAND served on 6/21/2022; TRACY STONE−MANNING served on 6/21/2022; U.S. BUREAU OF LAND MANAGEMENT served on 6/21/2022; U.S. DEPARTMENT OF THE INTERIOR served on 6/21/2022 (Attachments: # 1 Affidavit of Mailing, # 2 Certified Mail Receipts)(Tisdel, Kyle) (Entered: 07/01/2022) |
| 07/01/2022 | 8 | MOTION to Intervene *in Support of Defendants,* by OXY USA INC., OXY USA WTP LP, ANADARKO E&P ONSHORE LLC. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Volchok, Daniel) (Entered: 07/01/2022) |
| 07/01/2022 | 9 | NOTICE of Appearance by John F. Walsh, III on behalf of ANADARKO E&P ONSHORE LLC, OXY USA INC., OXY USA WTP LP (Walsh, John) (Entered: 07/01/2022) |
| 07/01/2022 | 10 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANADARKO E&P ONSHORE LLC, OXY USA INC., OXY USA WTP LP (Volchok, Daniel) (Entered: 07/01/2022) |
| 07/01/2022 | 11 | CERTIFICATE OF SERVICE by ANADARKO E&P ONSHORE LLC, OXY USA INC., OXY USA WTP LP re 9 Notice of Appearance, 10 LCvR 26.1 Certificate of Disclosure − Corporate Affiliations/Financial Interests, 8 MOTION to Intervene *in* |

| | | |
|---|---|---|
| | | *Support of Defendants, .* (Volchok, Daniel) (Entered: 07/01/2022) |
| 07/20/2022 | 12 | MOTION to Intervene by Petroleum Association of Wyoming. (Attachments: # 1 Declaration Exhibit 1 – Declaration of P. Obermueller, # 2 Exhibit Exhibit 2 – Complaint––22cv1716, # 3 Text of Proposed Order Exhibit 3 – Proposed Order Granting Motion to Intervene)(Waeckerlin, Eric) (Entered: 07/20/2022) |
| 07/20/2022 | 13 | NOTICE of Appearance by Eric P. Waeckerlin on behalf of Petroleum Association of Wyoming (Waeckerlin, Eric) (Entered: 07/20/2022) |
| 07/20/2022 | 14 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Affie Ellis, Fee Status: No Fee Paid. by Petroleum Association of Wyoming. (Attachments: # 1 Declaration Exhibit 1 – Declaration of Affie Ellis, # 2 Exhibit Exhibit 2 – Affie Ellis Certificate of Good Standing, # 3 Text of Proposed Order Exhibit 3 – Proposed Order re Motion for Pro Hac Vice (Affie Ellis))(Waeckerlin, Eric) (Entered: 07/20/2022) |
| 07/20/2022 | | Payment for 14 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Affie Ellis, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC–9385766). (Waeckerlin, Eric) (Entered: 07/20/2022) |
| 07/20/2022 | 15 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Petroleum Association of Wyoming (Waeckerlin, Eric) (Entered: 07/20/2022) |
| 07/21/2022 | 16 | NOTICE of Appearance by Michael Keith Robertson on behalf of All Defendants (Robertson, Michael) (Entered: 07/21/2022) |
| 07/28/2022 | 17 | MOTION to Intervene *as a Defendant* by CHEVRON U.S.A. INC.. (Attachments: # 1 Exhibit A – Declaration in Support of Motion to Intervene, # 2 Text of Proposed Order)(Jindal, Nikesh) (Entered: 07/28/2022) |
| 07/28/2022 | 18 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CHEVRON U.S.A. INC. (Jindal, Nikesh) (Entered: 07/28/2022) |
| 07/28/2022 | 19 | NOTICE *of Lodging of Proposed Motion to Dismiss* by CHEVRON U.S.A. INC. (Attachments: # 1 [Proposed] Motion to Dismiss, # 2 Memorandum in Support [Proposed], # 3 Text of Proposed Order regarding Motion to Dismiss)(Jindal, Nikesh) (Entered: 07/28/2022) |
| 07/28/2022 | 20 | MOTION to Intervene by AMERICAN PETROLEUM INSTITUTE. (Attachments: # 1 Exhibit 1: Proposed Answer, # 2 Exhibit 2: Declaration in Support of Motion, # 3 Text of Proposed Order, # 4 Corporate Disclosure Statement)(Rosenbaum, Steven) (Entered: 07/28/2022) |
| 07/29/2022 | 21 | NOTICE of Appearance by Samantha Ruscavage–Barz on behalf of WILDEARTH GUARDIANS (Ruscavage–Barz, Samantha) (Entered: 07/29/2022) |
| 07/29/2022 | 22 | NOTICE of Appearance by Jason C. Rylander on behalf of CENTER FOR BIOLOGICAL DIVERSITY (Rylander, Jason) (Entered: 07/29/2022) |
| 08/01/2022 | 23 | NOTICE of Appearance by Hadassah Marie Reimer on behalf of CHEVRON U.S.A. INC. (Reimer, Hadassah) (Entered: 08/01/2022) |
| 08/01/2022 | 24 | NOTICE of Appearance by Sarah C. Bordelon on behalf of CHEVRON U.S.A. INC. (Bordelon, Sarah) (Entered: 08/01/2022) |

| 08/01/2022 | 25 | NOTICE of Appearance by Charles John Engel, III on behalf of CHEVRON U.S.A. INC. (Engel, Charles) (Entered: 08/01/2022) |
|---|---|---|
| 08/01/2022 | 26 | NOTICE of Appearance by Ani Marta Esenyan on behalf of CHEVRON U.S.A. INC. (Esenyan, Ani) (Entered: 08/01/2022) |
| 08/02/2022 | 27 | MOTION to Intervene by STATE OF WYOMING. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A – State Owned Approved Federal APDs, # 3 Proposed Answer, # 4 Text of Proposed Order)(Jordan, Travis) (Entered: 08/02/2022) |
| 08/02/2022 | 28 | NOTICE of Appearance by Travis S. Jordan on behalf of STATE OF WYOMING (Jordan, Travis) (Entered: 08/02/2022) |
| 08/04/2022 | 29 | NOTICE of Appearance by Catherine Emily Stetson on behalf of CHEVRON U.S.A. INC., CHEVRON U.S.A. INC. (Stetson, Catherine) (Entered: 08/04/2022) |
| 08/04/2022 | 30 | NOTICE of Appearance by Sean Marotta on behalf of CHEVRON U.S.A. INC., CHEVRON U.S.A. INC. (Marotta, Sean) (Entered: 08/04/2022) |
| 08/05/2022 | 31 | NOTICE of Lodging of Proposed Answer by CHEVRON U.S.A. INC., CHEVRON U.S.A. INC. (Attachments: # 1 Proposed Answer to Multistate Complaint)(Reimer, Hadassah) (Entered: 08/05/2022) |
| 08/05/2022 | 32 | Unopposed MOTION to Intervene by Peak Powder River Resources, LLC. (Attachments: # 1 Exhibit Proposed Answer, # 2 Declaration, # 3 Text of Proposed Order)(Sansonetti, Thomas) (Entered: 08/05/2022) |
| 08/05/2022 | 33 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Peak Powder River Resources, LLC (Sansonetti, Thomas) (Entered: 08/05/2022) |
| 08/05/2022 | 34 | NOTICE of Appearance by Bryson C. Smith on behalf of Peak Powder River Resources, LLC (Smith, Bryson) (Entered: 08/05/2022) |
| 08/09/2022 | 35 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Andrew Charles Emrich, Filing fee $ 100, receipt number ADCDC–9430887. Fee Status: Fee Paid. by PEAK POWDER RIVER RESOURCES, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit Certificate of Good Standing)(Sansonetti, Thomas) (Entered: 08/09/2022) |
| 08/11/2022 | 36 | NOTICE of Appearance by Tannis Fox on behalf of All Plaintiffs (Fox, Tannis) (Entered: 08/11/2022) |
| 08/12/2022 | | MINUTE ORDER granting 14 , 35 Motions for Leave to Appear Pro Hac Vice as to Affie Ellis and Andrew Charles Emrich.<br><br>**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 8/12/2022. (lcac) (Entered: 08/12/2022) |
| 08/15/2022 | 37 | MOTION to Intervene as Defendant–Intervenor by NEW MEXICO OIL AND GAS ASSOCIATION. (Attachments: # 1 Exhibit 1, Doug Ackerman Declaration, # 2 Exhibit 2, Answer, # 3 Fed. R. Civ. P. 7.1 and LCvR 26.1 Disclosure Certificate, # 4 Text of Proposed Order)(Sumner, Bret) (Entered: 08/15/2022) |
| 08/15/2022 | 38 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Malinda Morain, Filing fee $ 100, receipt number ADCDC–9444092. Fee Status: Fee Paid. by NEW |

| | | |
|---|---|---|
| | | MEXICO OIL AND GAS ASSOCIATION. (Attachments: # 1 Declaration of Malinda Morain, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Sumner, Bret) (Entered: 08/15/2022) |
| 08/15/2022 | 39 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– James B. Martin, Filing fee $ 100, receipt number ADCDC–9444138. Fee Status: Fee Paid. by NEW MEXICO OIL AND GAS ASSOCIATION. (Attachments: # 1 Declaration of James B. Martin, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Sumner, Bret) (Entered: 08/15/2022) |
| 08/16/2022 | 40 | NOTICE of Appearance by Andrew C. Emrich on behalf of PEAK POWDER RIVER RESOURCES, LLC (Emrich, Andrew) (Entered: 08/16/2022) |
| 08/16/2022 | 41 | MOTION to Intervene by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Lillie, Andrew) (Entered: 08/16/2022) |
| 08/16/2022 | 42 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANSCHUTZ EXPLORATION CORPORATION (Lillie, Andrew) (Entered: 08/16/2022) |
| 08/16/2022 | 43 | NOTICE of Appearance by Mark D. Gibson on behalf of ANSCHUTZ EXPLORATION CORPORATION (Gibson, Mark) (Entered: 08/16/2022) |
| 08/17/2022 | 44 | NOTICE of Appearance by Affie Ellis on behalf of PETROLEUM ASSOCIATION OF WYOMING (Ellis, Affie) (Entered: 08/17/2022) |
| 08/17/2022 | 45 | NOTICE of Appearance by Jessica Alder Black Livingston on behalf of ANSCHUTZ EXPLORATION CORPORATION (Black Livingston, Jessica) (Main Document 45 replaced on 8/18/2022) (znmw). (Entered: 08/17/2022) |
| 08/22/2022 | 46 | NOTICE of Lodging of Proposed Answer by ANADARKO E&P ONSHORE LLC, OXY USA INC., OXY USA WTP LP (Attachments: # 1 Proposed Answer to Complaint)(Volchok, Daniel) (Entered: 08/22/2022) |
| 08/22/2022 | 47 | ANSWER to Complaint by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR.(Robertson, Michael) (Entered: 08/22/2022) |
| 08/29/2022 | 48 | ENTERED IN ERROR.....Proposed ANSWER to Complaint by PETROLEUM ASSOCIATION OF WYOMING.(Ellis, Affie) Modified on 8/30/2022 (znmw). (Entered: 08/29/2022) |
| 08/30/2022 | | NOTICE OF ERROR regarding 48 Answer to Complaint. The following error(s) need correction: Incorrect event. Document incomplete. Proposed Answer must be filed as an attachment to a Notice of Filing. Please refile as a Notice (Other). (znmw) (Entered: 08/30/2022) |
| 08/30/2022 | 49 | NOTICE of Lodging of Proposed Answer by PETROLEUM ASSOCIATION OF WYOMING re 1 Complaint,, (Attachments: # 1 Notice to Counsel/Party of Lodging of Proposed Answer)(Waeckerlin, Eric) (Entered: 08/30/2022) |
| 08/31/2022 | 50 | NOTICE of Appearance by John Kevin Dolan Crisham, I on behalf of FRANKLIN MOUNTAIN ENERGY, LLC (Crisham, John) (Entered: 08/31/2022) |
| 08/31/2022 | 51 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Mark Champoux, Filing fee $ 100, receipt number ADCDC–9483626. Fee Status: Fee Paid. by |

| | | |
|---|---|---|
| | | FRANKLIN MOUNTAIN ENERGY, LLC. (Attachments: # 1 Declaration Declaration of Mark Champoux in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order)(Crisham, John) (Entered: 08/31/2022) |
| 08/31/2022 | 52 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen C. Schroder, Filing fee $ 100, receipt number ADCDC–9483647. Fee Status: Fee Paid. by FRANKLIN MOUNTAIN ENERGY, LLC. (Attachments: # 1 Declaration Declaration of Kathleen Schroder in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order)(Crisham, John) (Entered: 08/31/2022) |
| 08/31/2022 | 53 | MOTION to Intervene by FRANKLIN MOUNTAIN ENERGY, LLC. (Attachments: # 1 Exhibit 1, Decl of Rachael Overbey in Support, # 2 Attachment – Complaint, # 3 FME's [Proposed] Answer, # 4 Proposed Order Granting FME's Motion to Intervene)(Crisham, John) (Entered: 08/31/2022) |
| 08/31/2022 | 54 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FRANKLIN MOUNTAIN ENERGY, LLC (Crisham, John) (Entered: 08/31/2022) |
| 09/07/2022 | 55 | NOTICE of Appearance by Bradley K. Ervin on behalf of AMERICAN PETROLEUM INSTITUTE (Ervin, Bradley) (Entered: 09/07/2022) |
| 09/08/2022 | | MINUTE ORDER granting 38 , 51 , & 52 *Motions for Leave to Appear Pro Hac Vice* as to Malinda Morain, Mark Champoux, and Kathleen C. Schroeder.<br><br>**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 9/8/2022. (lcac) (Entered: 09/08/2022) |
| 09/08/2022 | | MINUTE ORDER granting 39 *Motion for Leave to Appear Pro Hac Vice* as to James B. Martin.<br><br>**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 9/8/2022. (lcac) (Entered: 09/08/2022) |
| 09/10/2022 | 56 | NOTICE of Appearance by Allyson Beasley on behalf of All Plaintiffs (Beasley, Allyson) (Entered: 09/10/2022) |
| 09/12/2022 | 57 | AMENDED COMPLAINT against All Defendants filed by WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY.(Tisdel, Kyle) (Entered: 09/12/2022) |
| 09/12/2022 | | ENTERED IN ERROR.....NOTICE OF ERROR regarding 57 Amended Complaint. The following error(s) need correction: Leave to file not yet requested and/or granted. Once granted, then proceed with your filing. (zjm) Modified on 9/13/2022 (zjm). (Entered: 09/12/2022) |
| 09/26/2022 | 58 | ANSWER to 57 Amended Complaint by STATE OF WYOMING.(Jordan, Travis) (Entered: 09/26/2022) |
| 09/26/2022 | 59 | NOTICE *of Lodging of Proposed Answer* by ANADARKO E&P ONSHORE LLC, OXY USA INC., OXY USA WTP LP (Attachments: # 1 Proposed Answer to Amended Complaint)(Volchok, Daniel) (Entered: 09/26/2022) |

| 09/26/2022 | 60 | NOTICE *of Lodging Proposed Answer* by CHEVRON U.S.A. INC. (Attachments: # 1 Proposed Answer to Amended Complaint)(Reimer, Hadassah) (Entered: 09/26/2022) |
| 09/26/2022 | 61 | NOTICE *of Lodging of Proposed Answer* by PETROLEUM ASSOCIATION OF WYOMING (Attachments: # 1 Proposed Answer to Amended Complaint)(Waeckerlin, Eric) (Entered: 09/26/2022) |
| 09/26/2022 | 62 | NOTICE *of Lodging of Answer to Plaintiffs' Amended Complaint* by NEW MEXICO OIL AND GAS ASSOCIATION (Attachments: # 1 Exhibit 1, Answer of Proposed Defendant–Intervenor NMOGA to Plaintiffs' Amended Complaint)(Sumner, Bret) (Entered: 09/26/2022) |
| 09/26/2022 | 63 | ANSWER to 57 Amended Complaint by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR.(Robertson, Michael) (Entered: 09/26/2022) |
| 09/26/2022 | 64 | NOTICE *of Lodging of Answer to Plaintiffs' Amended Complaint* by PEAK POWDER RIVER RESOURCES, LLC (Attachments: # 1 Exhibit)(Emrich, Andrew) (Entered: 09/26/2022) |
| 09/26/2022 | 65 | NOTICE *in Response to Plantiff's Amended Complaint* by ANSCHUTZ EXPLORATION CORPORATION (Lillie, Andrew) (Entered: 09/26/2022) |
| 09/26/2022 | 66 | NOTICE *of Lodging Proposed Answer to Plaintiffs' Amended Complaint* by FRANKLIN MOUNTAIN ENERGY, LLC (Attachments: # 1 Exhibit 1, Proposed Answer to Amended Complaint)(Crisham, John) (Entered: 09/26/2022) |
| 09/26/2022 | 67 | NOTICE *of Lodging of Proposed Answer* by AMERICAN PETROLEUM INSTITUTE re 57 Amended Complaint (Attachments: # 1 Proposed Answer to Amended Complaint)(Rosenbaum, Steven) (Entered: 09/26/2022) |
| 09/30/2022 | 68 | NOTICE of Appearance by Kathleen C. Schroder on behalf of FRANKLIN MOUNTAIN ENERGY, LLC (Schroder, Kathleen) (Entered: 09/30/2022) |
| 10/03/2022 | 69 | NOTICE of Appearance by Mark E. Champoux on behalf of FRANKLIN MOUNTAIN ENERGY, LLC (Champoux, Mark) (Entered: 10/03/2022) |
| 10/21/2022 | 70 | NOTICE *of Lodging of Proposed Motion to Dismiss* by CHEVRON U.S.A. INC. (Attachments: # 1 [Proposed] Motion to Dismiss, # 2 [Proposed] Memorandum in Support, # 3 Affidavit Updated Neal Declaration, # 4 Text of Proposed Order)(Stetson, Catherine) (Entered: 10/21/2022) |
| 10/21/2022 | 71 | NOTICE of Appearance by Dana A. Raphael on behalf of CHEVRON U.S.A. INC. (Raphael, Dana) (Entered: 10/21/2022) |
| 10/21/2022 | 72 | NOTICE *of Lodging of Proposed Motion to Dismiss* by AMERICAN PETROLEUM INSTITUTE, NEW MEXICO OIL AND GAS ASSOCIATION, PEAK POWDER RIVER RESOURCES, LLC re 57 Amended Complaint (Attachments: # 1 [Proposed Motion] to Dismiss Amended Complaint, # 2 Memorandum in Support of Proposed Motion to Dismiss, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Text of Proposed Order)(Rosenbaum, Steven) (Entered: 10/21/2022) |
| 10/26/2022 | 73 | Unopposed MOTION for relief from Local Rule 7(n) by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 10/26/2022) |

| 11/04/2022 | 74 | NOTICE *of Lodging of Proposed Motion to Dismiss Plaintiffs' Amended Complaint* by FRANKLIN MOUNTAIN ENERGY, LLC re 57 Amended Complaint (Attachments: # 1 [Proposed] Motion to Dismiss Plaintiffs' Amended Complaint, # 2 Memorandum in Support of Motion to Dismiss Amended Complaint, # 3 Text of Proposed Order)(Champoux, Mark) (Entered: 11/04/2022) |
| --- | --- | --- |
| 11/09/2022 | 75 | MEMORANDUM AND OPINION re: Oxy's 8 Motion to Intervene; Petroleum Assoc. of Wyoming's 12 Motion to Intervene; Chevron's 17 Motion to Intervene; Am. Petroleum Inst.'s 20 Motion to Intervene; State of Wyoming's 27 Motion to Intervene; Peak Powder River Resource's 32 Unopposed Motion to Intervene; New Mexico Oil and Gas Assoc.'s 37 Motion to Intervene; Anschutz Exp. Corp.'s 41 Motion to Intervene; Franklin Mountain Energy's 53 Motion to Intervene. Signed by Judge Tanya S. Chutkan on 11/09/2022. (lcja) (Entered: 11/09/2022) |
| 11/09/2022 | 76 | ORDER granting Oxy's 8 Motion to Intervene; granting Petroleum Assoc. of Wyoming's 12 Motion to Intervene; granting Chevron's 17 Motion to Intervene; granting Am. Petroleum Inst.'s 20 Motion to Intervene; granting State of Wyoming's 27 Motion to Intervene; granting Peak Powder River Resource's 32 Unopposed Motion to Intervene; granting New Mexico Oil and Gas Assoc.'s 37 Motion to Intervene; granting Anschutz Exp. Corp.'s 41 Motion to Intervene; granting Franklin Mountain Energy's 53 Motion to Intervene. Signed by Judge Tanya S. Chutkan on 11/09/2022. (lcja) (Entered: 11/09/2022) |
| 11/09/2022 | | MINUTE ORDER: Having granted motions to intervene by OXY, Petroleum Assoc. of Wyoming, Chevron U.S.A. Inc., Am. Petroleum Inst., State of Wyoming, Peak Powder River Resources LLC, New Mexico Oil and Gas Assoc., Anschutz Exploration Corp., Franklin Mountain Energy LLC, ECF No. 76, it is hereby ORDERED that Defendant–Intervenors shall consolidate all further motions, pleadings, memoranda, or other filings in this action, styling any filing as a joint filing "On Behalf of Defendant–Intervenors." To the extent that any Defendant–Intervenor wishes to make a distinct argument, as part of a joint filing, such argument shall be made in an addendum limited to no more than 5 pages. Separate filings, without leave of court, will be stricken sua sponte. Signed by Judge Tanya S. Chutkan on 11/09/2022. (lcja) (Entered: 11/09/2022) |
| 11/09/2022 | | MINUTE ORDER: Pursuant to the Court's previous Minute Order on November 9, 2022, requiring consolidated filings by Defendant–Intervenors, it is hereby ordered that the Notices of Lodging of Proposed Motion to Dismiss, see ECF Nos. 19 , 70 , 72 , and 74 , are DENIED without prejudice. Moreover, Defendants' 73 Unopposed Motion for Relief from the Requirements of Local Rule 7(n) is GRANTED. It is hereby ORDERED that all parties in this action shall meet, confer and file a joint report by December 27, 2022, proposing a briefing schedule to move forward with this case. The joint report shall be accompanied by a proposed order. Separate reports will be stricken, sua sponte. Signed by Judge Tanya S. Chutkan on 11/09/2022. (lcja) (Entered: 11/09/2022) |
| 11/10/2022 | 77 | NOTICE of Appearance by Malinda Morain on behalf of NEW MEXICO OIL AND GAS ASSOCIATION (Morain, Malinda) (Entered: 11/10/2022) |
| 11/15/2022 | | Set/Reset Deadlines: Joint Report due by 12/27/2022. (tb) (Entered: 11/15/2022) |
| 11/21/2022 | 78 | NOTICE of Appearance by James B. Martin on behalf of NEW MEXICO OIL AND GAS ASSOCIATION (Martin, James) (Entered: 11/21/2022) |
| 11/22/2022 | 79 | |

| | | |
|---|---|---|
| | | MOTION to Modify *the Court's November 9, 2022 Minute Order Regarding Consolidated Briefing* by STATE OF WYOMING. (Attachments: # 1 Text of Proposed Order)(Jordan, Travis) (Entered: 11/22/2022) |
| 11/28/2022 | | Amended Minute Order: GRANTING the State of Wyoming's 79 Motion to Modify the court's November 9, 2022 Minute Order, and AMENDING the court's November 9, Minute Order "[ordering] that Defendant–Intervenors shall consolidate all further motions...." Because states are sovereign entities holding a special position in the federal system, see, e.g., Massachusetts v. EPA, 549 U.S. 497, 518–519 (2007), and corporate/associational Defendant–Intervenors cannot represent state interests, the State of Wyoming may file separately from the other Defendant–Intervenors. It is therefore ORDERED that Defendant–Intervenor State of Wyoming may file separate briefings but must still endeavor to coordinate with Federal Defendants and Defendant–Intervenors to incorporate by reference applicable law and facts, join arguments when appropriate, and seek to avoid duplicative arguments in any filings and motions. Signed by Judge Tanya S. Chutkan on 11/28/2022. (lcja) (Entered: 11/28/2022) |
| 12/27/2022 | 80 | Joint STATUS REPORT by CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 Proposed Order)(Fox, Tannis) (Entered: 12/27/2022) |
| 12/28/2022 | 81 | ORDER: Motions to dismiss, judgment on the pleadings, to sever, or to transfer are due January 20, 2023; Responses are due March 3, 2023; and Replies are due March 24, 2023. A Tentative Administrative Record Schedule is due February 3, 2023, and a Supplemental Joint Report is due within 14 days of the Court's disposition of the last dispositive motion. Signed by Judge Tanya S. Chutkan on 12/28/2022. (lcja) (Entered: 12/28/2022) |
| 12/28/2022 | | Set/Reset Deadlines: Motions due by 1/20/2023. Responses due by 3/3/2023. Replies due by 3/24/2023. (tb) (Entered: 12/28/2022) |
| 01/11/2023 | 82 | MOTION to Withdraw as Attorney by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Text of Proposed Order)(Black Livingston, Jessica) (Entered: 01/11/2023) |
| 01/12/2023 | | MINUTE ORDER: Granting Anschutz Exploration Corporation's 82 Motion to Withdraw as Attorney. Signed by Judge Tanya S. Chutkan on 1/12/2023. (lcja) (Entered: 01/12/2023) |
| 01/17/2023 | 83 | MOTION to Withdraw as Attorney , *John Crisham,* by FRANKLIN MOUNTAIN ENERGY, LLC. (Crisham, John) (Entered: 01/17/2023) |
| 01/18/2023 | | MINUTE ORDER: Franklin Mountain Energy, LLC's 83 Motion to Withdraw is GRANTED. John Crisham is hereby TERMINATED as counsel for Defendant–Intervenor Franklin Mountain Energy, LLC. Signed by Judge Tanya S. Chutkan on 1/18/2023. (lcja) (Entered: 01/18/2023) |
| 01/20/2023 | 84 | MOTION to Dismiss by AMERICAN PETROLEUM INSTITUTE, ANSCHUTZ EXPLORATION CORPORATION, CHEVRON U.S.A. INC., FRANKLIN MOUNTAIN ENERGY, LLC, NEW MEXICO OIL AND GAS ASSOCIATION, PEAK POWDER RIVER RESOURCES, LLC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A to Motion to Dismiss, # 3 Exhibit B to Motion to Dismiss, # 4 Chevron U.S.A. Inc.'s Addendum and Exhibit A, # 5 Peak Powder River Resources' Addendum and Exhibit 1, # 6 Anschutz Exploration Corporation's Addendum, # 7 Franklin Mountain Energy's Addendum, # 8 Text of Proposed Order)(Rosenbaum, |

| | | Steven) (Entered: 01/20/2023) |
|---|---|---|
| 01/20/2023 | 85 | MOTION to Sever *and Transfer by AEC, PPRR and* by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit)(Waeckerlin, Eric). Added MOTION to Transfer Case on 1/23/2023 (zjm). (Entered: 01/20/2023) |
| 01/20/2023 | 86 | RESPONSE re 85 MOTION to Sever *and Transfer by AEC, PPRR and (joining in support of the motion)* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 01/20/2023) |
| 01/23/2023 | 87 | NOTICE of Change of Address by Daniel S. Volchok (Volchok, Daniel) (Entered: 01/23/2023) |
| 02/03/2023 | 88 | Joint STATUS REPORT *providing Joint Tentative Administrative Record Schedule* by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR. (Robertson, Michael) (Entered: 02/03/2023) |
| 02/24/2023 | 89 | NOTICE of Appearance by Clifford Eugene Stevens, Jr on behalf of All Defendants (Stevens, Clifford) (Entered: 02/24/2023) |
| 02/27/2023 | 90 | Unopposed MOTION for Extension of Time to File Response/Reply by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 02/27/2023) |
| 02/28/2023 | | MINUTE ORDER: Defendants' 90 Unopposed Motion to Extend Deadlines is hereby GRANTED. Responses, including any response in support of a motion, are due March 17, 2023. Replies, including any reply from Plaintiffs in opposition to any response in support of a motion, are due April 7, 2023. Signed by Judge Tanya S. Chutkan on 2/28/2023. (lcja) (Entered: 02/28/2023) |
| 03/01/2023 | | Set/Reset Deadlines: Responses due by 3/17/2023. Replies due by 4/7/2023. (tb) (Entered: 03/01/2023) |
| 03/17/2023 | 91 | RESPONSE re 84 MOTION to Dismiss filed by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR. (Robertson, Michael) (Entered: 03/17/2023) |
| 03/17/2023 | 92 | RESPONSE re 85 MOTION to Sever *and Transfer by AEC, PPRR and* MOTION to Transfer Case filed by DEBRA HAALAND, TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR. (Robertson, Michael) (Entered: 03/17/2023) |
| 03/17/2023 | 93 | RESPONSE re 84 MOTION to Dismiss filed by All Plaintiffs. (Attachments: # 1 Exhibit Ex. 1 Clauser Decl. and maps, # 2 Exhibit Ex. 2 Shoup Decl., # 3 Exhibit Ex. 3 Sobel Decl., # 4 Exhibit Ex. 4 Nichols Decl., # 5 Exhibit Ex. 5 Molvar Decl., # 6 Exhibit Ex. 6 Hartl Decl. and NOI, # 7 Exhibit Ex. 7 Valdivia Decl., # 8 Exhibit Ex. 8 Nagona Decl., # 9 Exhibit Ex. 9 Silver Decl., # 10 Exhibit Ex. 10 Amstrup Decl.)(Fox, Tannis) Modified on 3/20/2023 to add filers / correct docket text (zjm). (Entered: 03/17/2023) |
| 03/17/2023 | 94 | RESPONSE re 85 MOTION to Sever *and Transfer by AEC, PPRR and* MOTION to Transfer Case filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit 1, Declaration of Brett Hartl)(Beasley, Allyson) Modified on 3/20/2023 to add filers/ correct docket |

| | | |
|---|---|---|
| | | text (zjm). (Entered: 03/17/2023) |
| 04/07/2023 | 95 | REPLY to opposition to motion re 84 MOTION to Dismiss filed by AMERICAN PETROLEUM INSTITUTE, ANSCHUTZ EXPLORATION CORPORATION, CHEVRON U.S.A. INC., FRANKLIN MOUNTAIN ENERGY, LLC, NEW MEXICO OIL AND GAS ASSOCIATION, PEAK POWDER RIVER RESOURCES, LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Chevron Addendum to Reply in Support of Motion to Dismiss, # 6 Exhibit AEC and Peak Powder Addendum to Reply in Support of Motion to Dismiss)(Rosenbaum, Steven) Modified on 4/10/2023 to add docket link (zjm). (Entered: 04/07/2023) |
| 04/07/2023 | 96 | REPLY to opposition to motion re 84 MOTION to Dismiss filed by CENTER FOR BIOLOGICAL DIVERSITY, CITIZENS CARING FOR THE FUTURE, NEW MEXICO INTERFAITH POWER AND ) LIGHT, WILDEARTH GUARDIANS. (Fox, Tannis) Modified on 4/10/2023 to add docket link (zjm). (Entered: 04/07/2023) |
| 04/07/2023 | 97 | REPLY to opposition to motion re 85 MOTION to Sever *and Transfer by AEC, PPRR and* MOTION to Transfer Case filed by PETROLEUM ASSOCIATION OF WYOMING. (Waeckerlin, Eric) Modified on 4/10/2023 to add docket link/ correct docket text (zjm). (Entered: 04/07/2023) |
| 04/07/2023 | 98 | ERRATA re 97 filed by PETROLEUM ASSOCIATION OF WYOMING. (Waeckerlin, Eric) Modified on 4/10/2023 to correct event (zjm). (Entered: 04/07/2023) |
| 08/25/2023 | 99 | NOTICE *of First Amended Joint Tentative Administrative Record Schedule* by TRACY STONE–MANNING, U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR (Robertson, Michael) (Entered: 08/25/2023) |
| 09/28/2023 | 100 | MOTION to Withdraw as Attorney *Charles J. Engel, III and Ani Marta Esenyan* by CHEVRON U.S.A. INC.. (Attachments: # 1 Text of Proposed Order)(Jindal, Nikesh) (Entered: 09/28/2023) |
| 10/12/2023 | | MINUTE ORDER: GRANTING 100 Intervenor–Defendant Chevron USA Inc.'s Motion to Withdraw Charles J. Engle, III and Ani Marta Esenyan as Counsel. Charles J. Engle, III and Ani Marta Esenyan are therefore hereby terminated as Counsel. Signed by Judge Tanya S. Chutkan on 10/12/23. (lce) (Entered: 10/12/2023) |
| 11/01/2023 | 101 | MEMORANDUM OPINION re: 84 Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 11/01/23. (lce) (Entered: 11/01/2023) |
| 11/01/2023 | 102 | ORDER GRANTING 84 Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 11/01/23. (lce) (Entered: 11/01/2023) |
| 11/01/2023 | | MINUTE ORDER: DENYING AS MOOT 85 Motion to Sever and Transfer Case. Signed by Judge Tanya S. Chutkan on 11/01/23. (lce) (Entered: 11/01/2023) |
| 12/18/2023 | 103 | NOTICE of Appearance by Morgan O'Grady on behalf of All Plaintiffs (O'Grady, Morgan) (Entered: 12/18/2023) |
| 12/19/2023 | 104 | ENTERED IN ERROR.....Amended NOTICE OF APPEAL by CENTER FOR BIOLOGICAL DIVERSITY, CITIZENS CARING FOR THE FUTURE, NEW MEXICO INTERFAITH POWER AND LIGHT, WILDEARTH GUARDIANS. (Tisdel, Kyle) Modified on 12/19/2023, pursuant to Counsel (mg). (Entered: 12/19/2023) |

| 12/19/2023 | 105 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 102 Order on Motion to Dismiss, 101 Memorandum & Opinion by CENTER FOR BIOLOGICAL DIVERSITY, CITIZENS CARING FOR THE FUTURE, NEW MEXICO INTERFAITH POWER AND LIGHT, WILDEARTH GUARDIANS. Filing fee $ 605, receipt number ADCDC–10570825. Fee Status: Fee Paid. Parties have been notified. (Tisdel, Kyle) (Entered: 12/19/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,   )
*et al.*,   )     Case No. 1:22-cv-1716/tsc
       Plaintiffs,   )
  )
v.   )
  )
U.S. DEPARTMENT OF THE INTERIOR, *et al.*,   )
  )
       Defendants.   )
_____)

## NOTICE OF APPEAL

Plaintiffs Center for Biological Diversity, Citizens Caring for the Future, New Mexico Interfaith Power and Light, and WildEarth Guardians appeal to the United States Court of Appeals for the District of Columbia Circuit from the district court's Order (ECF 102) and Memorandum Opinion (ECF 101), granting Intervenor-Defendant's Motion to Dismiss (ECF 84), entered November 1, 2023.

1

Respectfully submitted December 19, 2023.

/s/ Kyle J. Tisdel
Kyle J. Tisdel
D.D.C. Bar No. NM006
WESTERN ENVIRONMENTAL LAW
CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(575) 613-8050
tisdel@westernlaw.org

/s/ Tannis Fox
Tannis Fox
D.D.C. Bar No. NM010
WESTERN ENVIRONMENTAL LAW
CENTER
409 East Palace Avenue, Suite 2
Santa Fe, New Mexico 87506
(505) 629-0732
fox@westernlaw.org

/s/ Allyson Beasley
Allyson Beasley
D.D.C. Bar No. NM009
WESTERN ENVIRONMENTAL LAW
CENTER
208 Paseo del Pueblo Sur, Unit 602
Taos, New Mexico 87571
(575) 751-0351
beasley@westernlaw.org

/s/ Morgan O'Grady
Morgan O'Grady
D.D.C. Bar No. NM0013
WESTERN ENVIRONMENTAL LAW
CENTER
409 East Palace Avenue, Suite 2
Santa Fe, New Mexico 87506
(703) 973-2585
 ogrady@westernlaw.org

*Attorneys for Plaintiffs Center for Biological
Diversity, Citizens Caring for the Future,
New Mexico Interfaith Power and Light, and
WildEarth Guardians*

/s/ Jason C. Rylander
Jason C. Rylander
D.C. Bar No. 474995
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street NW, Suite 1300
Washington, D.C. 20005
(202) 744-2244
jrylander@biologicaldiversity.org

*Attorney for Center for Biological Diversity*

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz
D.D.C. Bar No. CO0053
WILDEARTH GUARDIANS
301 North Guadalupe Street, Suite 201
Santa Fe, New Mexico 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

*Attorney for WildEarth Guardians*

**<u>Certificate of Service</u>**

I certify that on December 19, 2023, I electronically filed the foregoing Conservation

Groups' Notice of Appeal with the Clerk of the Court via the CM/ECF system, which will send

notification of such filing to all counsel of record.

<u>/s/ Kyle Tisdel</u>

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL
DIVERSITY; WILDEARTH
GUARDIANS; CITIZENS CARING FOR
THE FUTURE; NEW MEXICO
INTERFAITH POWER AND LIGHT,

       Plaintiffs,

    v.

U.S. DEPARTMENT OF THE
INTERIOR; DEB HAALAND; U.S.
BUREAU OF LAND MANAGEMENT;
TRACY STONE-MANNING,

       Defendants,

CHEVRON U.S.A. INC; OXY USA INC.;
OXY USA WTP LP; ANADARKO E&P
ONSHORE LLC; PETROLEUM
ASSOCIATION OF WYOMING;
AMERICAN PETROLEUM INSTITUTE;
STATE OF WYOMING; PEAK
POWDER RIVER RESOURCES, LLC;
NEW MEXICO OIL AND GAS
ASSOCIATION; ANSCHUTZ
EXPLORATION CORPORATION;
FRANKLIN MOUNTAIN ENERGY LLC,

       Intervenors-Defendants.

Civil Action No. 22-cv-01716 (TSC)

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 101,

Intervenor-Defendant's Motion to Dismiss, ECF No. 84, is hereby **GRANTED**.

Page **1** of **2**

Date: November 1, 2023

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY; WILDEARTH GUARDIANS; CITIZENS CARING FOR THE FUTURE; NEW MEXICO INTERFAITH POWER AND LIGHT**, | |
| Plaintiffs, | |
| v. | Civil Action No. 22-cv-01716 (TSC) |
| **U.S. DEPARTMENT OF THE INTERIOR; DEB HAALAND; U.S. BUREAU OF LAND MANAGEMENT; TRACY STONE-MANNING**, | |
| Defendants, | |
| **CHEVRON U.S.A. INC; OXY USA INC.; OXY USA WTP LP; ANADARKO E&P ONSHORE LLC; PETROLEUM ASSOCIATION OF WYOMING; AMERICAN PETROLEUM INSTITUTE; STATE OF WYOMING; PEAK POWDER RIVER RESOURCES, LLC; NEW MEXICO OIL AND GAS ASSOCIATION; ANSCHUTZ EXPLORATION CORPORATION; FRANKLIN MOUNTAIN ENERGY LLC**, | |
| Intervenors-Defendants. | |

## <u>MEMORANDUM OPINION</u>

Plaintiffs Center for Biological Diversity ("the Center"), WildEarth Guardians, Citizens

Caring for the Future, and New Mexico Interfaith Power and Light, seek declaratory and

injunctive relief to halt the production of oil and gas drilling wells approved by the U.S. Bureau

Page **1** of 10

of Land Management ("BLM").  Several private and public entities intervened and then moved

to dismiss the suit, alleging that Plaintiffs failed to plausibly allege Article III standing, the

statute of limitations bars Plaintiffs' challenges to most of the approvals, and Plaintiffs' claims

are barred because they failed to exhaust administrative remedies.

Having considered the parties' briefing and the record, the court will GRANT Intervenor-

Defendants' Motion to Dismiss.

## I.      BACKGROUND

On June 15, 2022, the Center, WildEarth Guardians, Citizens Caring for the Future, and

New Mexico Interfaith Power and Light filed this suit against the U.S. Department of the Interior

and its Secretary, Deb Haaland, as well as BLM and its Director, Tracy Stone-Manning.  Compl.,

ECF No. 1.  Plaintiffs challenge 4,366 approvals Defendants issued in response to discrete

applications for permit to drill ("APDs") for oil and gas in New Mexico's Permian Basin and

Wyoming's Powder River Basin.  *Id.* at 1–2, 63–254.  Plaintiffs claim the APD approvals

violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, the

Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, and the Federal Land Policy and

Management Act ("FLPMA"), 43 U.S.C. §§ 1701 *et seq.*, as well as their implementing

regulations.  *Id.* at 2.

NEPA, ESA, and FLPMA are environmental protection statutes governing executive

action.  If an agency determines that a potential major federal action could have significant

environmental impacts, NEPA requires the agency to prepare an Environmental Impact

Statement analyzing the environmental impacts and identifying reasonable alternatives to avoid

or minimize those impacts.  *See* 42 U.S.C. § 4332(C); 40 C.F.R. § 1500.1(b).  Then, ESA

mandates that the agency ensures that the action "is not likely to jeopardize the continued

existence of any endangered species or threatened species or result in the destruction or adverse

modification of habitat of such species."  16 U.S.C. § 1536(a)(2).  Finally, FLPMA requires the Secretary of the Interior to "take any action necessary to prevent unnecessary or undue degradation of the lands."  43 U.S.C. § 1732(b).

Plaintiffs allege that the drilling of these oil and gas wells "will likely emit 490-600 million metric tons of carbon dioxide equivalent … greenhouse gas pollution over the course of their lifespans"—"a nationally and globally significant quantity of emissions."  ECF No. 1 at 2.  They contend that despite these significant consequences, Defendants "failed to evaluate the cumulative impacts of greenhouse gas emissions that will result from these approvals under NEPA, and failed to consider the impact of these emissions as they relate to BLM's procedural and substantive obligations under the ESA and FLPMA."  *Id.* at 2–6.  Plaintiffs therefore ask the court to declare the approvals unlawful, vacate the approvals, and enjoin Defendants from "approving or otherwise taking action to approve any applications for permits to drill on federal public lands and minerals until [they] have fully complied with" federal law.  *Id.* at 6; *see id.* at 61–62.

Several additional entities—OXY USA Inc., OXY USA WTP LP, Anadarko E&P Onshore LLC, Petroleum Association of Wyoming, Chevron U.S.A. Inc., America Petroleum Institute, State of Wyoming, Peak Powder River Resources LLC, New Mexico Oil and Gas Association, Anschutz Exploration Corporation, and Franklin Mountain Energy LLC ("Intervenor-Defendants")—moved to intervene.  *See* Mots. to Intervene, ECF Nos. 8, 12, 17,

20, 27, 32, 37, 41, 53.  The court granted those motions on November 9, 2022.  *See* ECF Nos. 75, 76.

Intervenors-Defendants moved to dismiss the Complaint on January 20, 2023.  *See* Mot. to Dismiss, ECF No. 84.  Defendants supported the motion, *see* Resp., ECF No. 91, and Plaintiffs opposed it, *see* Opp'n, ECF No. 93.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss an action or claims for lack of subject matter jurisdiction.  To survive a Rule 12(b)(1) motion, the plaintiff must establish that the court has subject matter jurisdiction as to each claim, not just one.  *See Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017).

In assessing a motion to dismiss, "the Court must accept the allegations of the complaint as true and must construe 'the complaint in the light most favorable to the non-moving party.'"  *Ctr. for Biological Diversity v. Regan*, 597 F. Supp. 3d 173, 186 (D.D.C. 2022) (citation omitted).  That said, because the court has "an affirmative obligation to ensure it is acting within the scope of its jurisdictional authority," the "factual allegations in the complaint . . . will bear closer scrutiny [than those allegations would] in resolving a 12(b)(6) motion for failure to state a claim," *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quotation marks and citation omitted).  In deciding the motion, the "court may consider materials outside the pleadings."  *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## III.    ANALYSIS

### A. Establishing Standing as an Environmental Plaintiff

It is an "essential and unchanging part of the case-or-controversy requirement" that in order to sue in federal court, a plaintiff must establish Article III standing.  *Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 560 (1992).  To demonstrate standing at the motion to dismiss stage, a

plaintiff must plead (i) an "injury in fact," that is (ii) "fairly traceable to the challenged action of

the defendant, and not the result of the independent action of some third party not before the

court," and that (iii) is "likely" to be "redressed by a favorable decision."  *Id.* at 560–61 (cleaned

up).

"Article III grants federal courts the power to redress harms that defendants cause

plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions."

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (citation omitted).  "Only those

plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that

private defendant over that violation in federal court."  *Id.*

In the environmental context, that means that care and concern for the aesthetics or the

well-being of the environment alone does not suffice to establish injury in fact.  *See id.*

Typically, a plaintiff challenging the effect of a ruling or decision on the environment alleges

injury in fact based on their "geographic proximity to the action challenged."  *City of Olmsted

Falls v. FAA*, 292 F.3d 261, 267 (D.C. Cir. 2002).  In other words, plaintiffs may establish

standing to challenge environmental harms by alleging "that they use the affected area and are

persons 'for whom the aesthetic and recreational values of the area will be lessened' by the

challenged activity."  *Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*, 528 U.S. 167, 183

(2000) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)).

An organizational plaintiff can demonstrate injury either by showing that the challenged

action harms its organizational interests (organizational standing), or by showing that at least one

of its members has individual standing (associational standing).  Plaintiffs here focus on

Page **5** of 10

associational standing, and the Center also briefly contends it has organizational standing.  ECF No. 93 at 29.

An entity may establish organizational standing if it alleges "concrete and demonstrable injury to the organization's activities—with the consequent drain on the organization's activities—[that] constitutes far more than simply a setback to the organization's resources." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).  In *Havens Realty*, the Supreme Court found the plaintiff had alleged injury in fact by claiming that the defendant's "steering practices have perceptibly impaired [the plaintiff's] ability to provide counseling and referral services for low- and moderate-income homeseekers."  *Id.*  An entity's "abstract interest in a problem," by contrast, "is insufficient to establish standing, 'no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem.'"  *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Ent., Inc.*, 659 F.3d 13, 24 (D.C. Cir. 2011) (quoting *Sierra Club*, 405 U.S. at 739).  For example, "frustration of an organization's objectives" is such an "abstract concern."  *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (citation omitted).

In sum, the D.C. Circuit "establishes two important limitations" on organizational standing: the organization (1) "must show 'a direct conflict between the defendant's conduct and the organization's mission,'" and (2) "may not 'manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit.'"  *Am. Soc'y for Prevention of Cruelty to Animals*, 659 F.3d at 25 (quoting *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996); *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990)).

Under the associational standing doctrine, an entity may show injury by establishing that "(a) its members [or any one of them] would otherwise have standing to sue in their own right;

(b) the interests [the entity] seeks to protect are germane to the organization's purpose; and

(c) neither the claim asserted nor the relief requested requires the participation of individual

members in the lawsuit." *United Food and Com. Workers Union Local 751 v. Brown Grp.*, 517

U.S. 544, 553 (1996) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343

(1977)).  To show that a member would have standing to sue individually, the entity must

"firmly establish[]" "the identity of" the individual who has suffered an injury in fact.  *Am.*

*Chemistry Council v. Dep't of Transp.*, 468 F.3d 810, 820 (D.C. Cir. 2006).

Plaintiffs "must prove separate standing as to each agency action challenged."  *Sec.*

*Indus. & Fin. Mkts. Ass'n v. U.S. Commodity Futures Trading Comm'n*, 67 F. Supp. 3d 373, 400

(D.D.C. 2014).  Here, Plaintiffs challenge more than 4,000 agency actions.  ECF No. 1 at 63–254

(enumerating each of the 4,366 APD approvals that Plaintiffs challenge); 43 C.F.R. § 3162.3-

1(c), (g)-(h) (APD application process).  They argue that the law allows them to "plot thousands

of separate [APD] actions on a map," "draw a line around them," and allege that they have

individual members who have a geographic nexus with "the resulting 'APD Area.'"  ECF No. 95

at 3 (quoting ECF No. 93 at 13).  But allowing plaintiffs to aggregate agency actions and assert a

geographic nexus with the general areas those actions affect would jeopardize the fundamental

principle that "[f]ederal courts do not exercise general legal oversight of the … Executive

Branch[]."  *TransUnion LLC*, 141 S. Ct at 2203.  Indeed, the Supreme Court has acknowledged

that "[i]f the right to complain of one administrative deficiency automatically conferred the right

to complain of all administrative deficiencies, any citizen aggrieved in one respect could bring

the whole structure of state administration before the courts for review."  *Lewis v. Casey*, 518

U.S. 343, 358 n.6 (1996).  And *TransUnion LLC* reiterated that "standing is not dispensed in

gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each

form of relief that they seek." 141 S. Ct. at 2208. Consequently, Plaintiffs must demonstrate

standing to challenge the individual APD approvals enumerated in their Complaint.

### B. Plaintiffs Lack Standing

Applying that legal framework, the court finds that Plaintiffs have not established an

injury in fact either as organizational entities or in association with its individual members.

Plaintiffs thus fail the standing inquiry at the first step.

Notably, only one Plaintiff—the Center—argues it has organizational standing. *See* ECF

No. 93 at 29. It claims that "[p]rotecting listed species is at the heart of the Center's

organizational missions" and Defendants' conduct "frustrates that mission and requires [the

Center] to divert and expend resources to address impacts of these oil and gas drilling operations

on listed species and public lands." *Id.* But these allegations are insufficient to establish

standing. For one, the Center has not tied its mission of protecting species to any particular ADP

approval, instead aggregating the anticipated harms of more than 4,000 ADP approvals. For

another, the Center has not identified how its resource needs would change in response to the

approvals or how it would "address the impacts" of the drilling. *See id.*

The Center contends that the D.C. Circuit's recent decision in *Humane Soc'y of the U.S.

v. USDA*, 41 F.4th 564, 567 (D.C. Cir. 2022), supports its position. In that case, pursuant to a

regulatory freeze order, the Department of Agriculture withdrew an equine abuse regulation after

it was transmitted to the Office of the Federal Register for publication but before it was

published in the Code of Federal Regulations, and took no further action on the rulemaking. *Id.*

at 567. The Humane Society argued the withdrawal violated the Administrative Procedure Act.

*Id.* In support of standing, it argued that the regulation's withdrawal harmed the Society by

diverting its "limited time and resources away from existing horse protection work to identify,

investigate, publicize, and counteract" abusive equine activities covered by the regulation. *Id.* at 567–68. But unlike Plaintiffs here, the Humane Society alleged a specific Department of Agriculture equine abuse rule that caused it to divert its resources and described that diversion.

Plaintiffs also fail to establish associational standing because they do not identify individual members who use the areas affected by the challenged individual APDs. Nowhere in their Complaint or opposition do Plaintiffs assert any individual member's geographic nexus to any specific wells or drilling sites. Instead, they claim that individual members have a geographic nexus to the broad "APD Areas" Plaintiffs created. *E.g.*, ECF No. 93 at 13 ("Declarant Kayley Shoup was born and raised in Carlsbad …. Carlsbad is located directly within [the New Mexico APD] area."); *id.* at 16 (Declarant Rebecca Sobel "has regularly visited, hiked, camped, backpacked, floated, viewed scenery and wildlife, and generally recreated in Eddy and Lea counties, in and around the New Mexico ADP Area."); *id.* at 18 (Declarant Jeremy Nichols "regularly visits the Thunder Basic National Grassland" and surrounding areas, including those that "lie within the Wyoming APD Area"). Plaintiffs' most specific allegation is that one individual member lives in Carlsbad, New Mexico, and "Carlsbad Caverns National Park is located within five miles of where challenged wells will be drilled and due west of where hundreds of the wells will be drilled." *Id.* at 14. These attenuated allegations fall short of establishing that any individual member would have standing to challenge any of the more than 4,000 individual APD approvals.

Plaintiffs cite the Tenth Circuit's decision in *Diné Citizens Against Ruining Our Env't v. Bernhardt*, 923 F.3d 831 (10th Cir. 2019) (*Diné CARE*), in support of their position, ECF No. 93 at 11–12, but that case is distinguishable. For one, the plaintiffs in *Diné CARE* challenged an agency action stemming from a single Environmental Impact Statement that addressed almost

10,000 gas and oil wells, 923 F.3d at 836, whereas here, Plaintiffs identify no single underlying agency action applicable to the challenged ADP approvals.  For another, the plaintiffs in *Diné CARE* "present[ed] affidavits showing that they regularly visited near the well sites," *Rocky Mountain Peace & Just. Ctr. v. U.S. Fish and Wildlife Serv.*, 40 F.4th 1133, 1153 (10th Cir. 2022) (citing *Diné CARE*, 923 F.3d at 841), whereas Plaintiffs in this case allege only that individual members have a geographic nexus with the "APD Areas."

Moreover, even if *Diné CARE* was not so easily distinguished, this court is not bound by the Tenth Circuit's decisions.  Indeed, the Tenth Circuit has purported to reject the D.C. Circuit's understanding of standing doctrine, *see, e.g.*, *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 451–52 (10th Cir. 1996), and other courts in this district have already distinguished *Diné CARE*, which was decided before the Supreme Court's recent ruling in *TransUnion LLC*.  *See S. Utah Wilderness All. v. Bernhardt*, 512 F. Supp. 3d 13, 21 (D.D.C. 2021).

In sum, Plaintiffs fail to allege a cognizable injury in fact under either an organizational standing theory or an associational standing theory, and therefore cannot establish standing. Consequently, this court lacks jurisdiction.

## IV.    CONCLUSION

For the reasons explained, the court will GRANT Intervenor-Defendants' Motion to Dismiss.  An Order will accompany this Opinion.


Date: November 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge